Wael Youssef Mykhael **GHOBRIAL,** Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 02–73329.

Agency No. A70–939–197.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wael Youssef Mykhael Ghobrial, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, NVL–District Counsel, Office of the District Counsel, Las Vegas, NV, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Lisa M. Arnold, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Wael Youssef Mykhael Ghobrial, a native and citizen of Egypt, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the denial of a motion to reopen for abuse of discretion. *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Ghobrial's motion to reopen as untimely under 8 C.F.R. § 3.2(c)(2) (2002), because the record shows, and Ghobrial does not dispute, that the motion was filed on May 3, 2002, more than 90 days after the November 5, 2001 final order of deportation, and Ghobrial has failed to raise any equitable tolling arguments, *see Taniguchi v. Schultz,* 303 F.3d 950, 955 (9th Cir.2002), or adequately show changed circumstances in Egypt, *see* 8 C.F.R. § 1003.2(c)(3)(ii) (formerly 8 C.F.R. § 3.2(c)(3)(ii)).

To the extent Ghobrial seeks review of the BIA's November 5, 2001 decision affirming the Immigration Judge's denial of asylum and withholding of deportation, we lack jurisdiction because the petition for review of that order, No. 01–71865, was dismissed as untimely.

Ghobrial's contention that the BIA's affirmance without opinion violates due process lacks merit because the BIA did not issue a summary affirmance.

The clerk shall file Ghobrial's reply brief received on August 27, 2003.

The clerk shall file Ghobrial's request to consider new evidence received on November 6, 2003. The request is denied. *See Gomez–Vigil v. INS,* 990 F.2d 1111, 1113 (9th Cir.1993) (per curiam) (noting that the court is not permitted to consider evidence that is not part of the record).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

PETITION FOR REVIEW DENIED.